# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

July 7, 2015

Lyle W. Cayce
Clerk

No. 14-50774
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLO LEE REYES, also known as El Raton,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:12-CR-527-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Carlo Lee Reyes was convicted, following a jury trial, of aiding and abetting smuggling goods from the United States and possession of a firearm by a convicted felon. The district court sentenced Reyes to the statutory maximum terms of imprisonment on each count and ordered the sentences to run consecutively, for a total sentence of 240 months of imprisonment and a three-year term of supervised release. Reyes argues that his sentence is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

substantively unreasonable because the application of the statutes of convictions and guidelines produced an excessive sentence that effectively punished him twice for the same conduct, i.e. the trafficking of firearms. He also argues that the 240-month sentence fails to take into account his difficult childhood and the age of his prior conviction.

Reyes does not dispute that his 240-month sentence was imposed within a properly-calculated guidelines range. Thus, a presumption of reasonableness applies to his sentence. *See United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006). Reyes's mere disagreement with the applicable statutes of convictions and guidelines is insufficient to demonstrate that his sentence is substantively unreasonable. Insofar as Reyes contends that the district court failed to take into account his personal history and characteristics, these factors do not require a district court to impose a sentence lower than a guideline range sentence. *See United States v. Ruiz*, 621 F.3d 390, 398 (5th Cir. 2010). The district court heard defense counsel's arguments, but apparently determined that a sentence within the advisory guidelines range would provide an "adequate . . . fair and reasonable sentence." Reyes's disagreement with the district court's evaluation of the sentencing factors is not sufficient to rebut the presumption of reasonableness. *See Ruiz*, 621 F.3d 398.

AFFIRMED.